|  | Judge: Christopher M. Alston |
|---|---|
|  | Chapter: Chapter 7 |

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In Re: | Bankruptcy No. 18-14820- CMA |
|---|---|
| SAMIA EL-MOSLIMANY, | |
| Debtor. | |
| RONALD G. BROWN, TRUSTEE, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Samia El-Moslimany, | Adversary Proceeding No. |
| Plaintiff, | COMPLAINT |
| v. | |
| AZIZA YOUSEF and JOHN DOE YOUSEF wife and husband, and the marital community composed thereof; | |
| Defendants. | |

## I. INTRODUCTION

Ronald G. Brown, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Samia El-Moslimany, by and through his undersigned counsel complains as set forth below.

## II. JURISDICTION AND VENUE

2.1  This is an action to avoid and recover fraudulent transfers, and unauthorized post-petition transfers.

2.2  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

COMPLAINT

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 1

2.3     This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§ 105, 544, 548, 549 and 551. The Deed of Trust which is the subject of this Complaint states that the Trustee's Powers are as set forth in the Deed of Trust Act of Washington. The Promissory Notes state that the notes are to be governed and enforceable pursuant to the applicable laws of the State of Washington.

2.4     This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

2.5     Venue is proper under 28 U.S.C. § 1409.

### III.     PARTIES

3.1     <u>Debtor</u>. Samia El-Moslimany ("Moslimany" or "Debtor") filed a voluntary Chapter 7 petition on December 20, 2018.

3.2     <u>Trustee</u>. Ronald G. Brown ("Brown" or "Trustee") was appointed as the Chapter 7 Trustee for the case on December 20, 2018. The Trustee is authorized to bring this action pursuant to §§ 105, 544, 548, and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for the El-Moslimany estate.

3.3     <u>Defendants Aziza Yousef and John Doe Yousef</u>. Upon information and belief, the Plaintiff alleges that Aziza and John Doe Yousef reside in Saudi Arabia and are wife and husband, and any acts alleged herein were performed for and on behalf of the marital community.

### IV. STATEMENT OF FACTS

4.1     The Debtor filed a voluntary Chapter 7 bankruptcy petition on December 20, 2018 ("Petition Date").

COMPLAINT

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Page 2

4.2     Among the assets of the estate is real property located at 2655 SW 151st Place, Burien, Washington, 98045 ("Residence").  As of the Petition Date, the Debtor was a co-owner of the Residence with her mother, Ann El-Moslimany.

**The Sindi Lawsuit**

4.3     On January 25, 2013, Hayat Sindi ("Dr. Sindi") filed a complaint in the Superior Court for the Commonwealth of Massachusetts, Suffolk County, against Debtor Samia El-Moslimany, and her mother, Ann El-Moslimany, seeking damages in the amount of $10,000,000.00 for defamation, tortious interference with contract, tortious interference with advantageous relations, and intentional infliction of emotional distress.  (the "Massachusetts Lawsuit").  **(Exhibit 1).**

4.4     On April 8, 2013 the Debtor removed the Massachusetts Lawsuit to the United States District Court for the District of Massachusetts on the basis of diversity of Citizenship.  The Case No. was 1:13-cv-10798-IT. **(Exhibit 2).**

4.5     A jury trial started on July 11, 2016 which lasted for seven days.  On July 21, 2016 the Jury entered its Verdict in favor of Dr. Sindi. **(Exhibit 3).**  The jury awarded damages of $3,500,000.00 against Debtor Samia El-Moslimany and $600,000.00 against Ann El-Moslimany broken down as follows:

**Against Samia El-Moslimany**

| | |
|---|---|
| $100,000.00 | Intentional infliction of emotional distress |
| $400,000.00 | Defamation |
| $2,000,000.00 | For tortious interference with contract |
| $400,000.00 | For tortious interference with advantageous relations |

**Against Ann El-Moslimany**

| | |
|---|---|
| $100,000.00 | Defamation |
| $400,000.00 | For tortious interference with contract |
| $100,000.00 | For tortious interference with advantageous relations |

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Page 3

4.6 On July 27, 2016 Dr. Sindi filed a Motion for Permanent Injunction Prohibiting Repetition of Defamatory Statements. The Debtor and Ann El-Moslimany opposed the Motion. **(Exhibit 4 and 5)**.

4.7 On August 18, 2016 the Court entered an order enjoining the Debtor and Ann El-Moslimany from publishing orally or in writing, six specific statements about Dr. Sindi that the District Court concluded were defamatory, and not protected by the First Amendment. **(Exhibit 6).**

4.8 On August 18, 2016 a Final Judgment was entered against the Debtor and Ann El-Moslimany consistent with the Jury Verdict referenced in paragraphs 4.5 and 4.6 above. **(Exhibit 7).**

4.9 On September 1, 2016 the Debtor executed a Promissory Note in favor of Defendant Ms. Yousef, in the amount of $346,666.00. This is discussed below.

4.10 On September 15, 2016 the Debtor and Ann El-Moslimany filed a Motion for Judgment as a Matter of Law and a Motion for a New Trial or in the Alternative to Alter or Amend the Judgment. Dr. Sindi filed an objection to these motions. **(Exhibit 8 and 9).**

4.11 On October 6, 2016 the Judge entered an order Denying the Motions filed by the Debtor and Ann El-Moslimany and entered an Amended Final Judgment which reduced the amount of damages against the Debtor to $1,476,000.00 in compensatory and special damages and $631,808.88 in prejudgment interest for a total judgment against the Debtor in the amount of $2,107,808.88. The Amended Judgment reduced the amount of damages against Ann-Moslimany to $344,000.00 in compensatory and special damages and $147,250.85 in prejudgment interest for a total judgment against Ann El-Moslimany in the amount of $518,250.85. **(Exhibit 10).**

COMPLAINT

Page 4

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Case 19-01116-CMA    Doc 1    Filed 09/12/19    Ent. 09/12/19 16:56:28    Pg. 4 of 14

4.12     On November 4, 2016 the Debtor and Ann El-Moslimany filed a Notice of Appeal.

4.13     On November 7, 2016 the Debtor recorded a deed of trust in favor of the Defendant, Ms. Yousef in King County ("Yousef Deed of Trust").  **(Exhibit 11).**

4.14     On November 10, 2016 Dr. Sindi served upon Debtor and Ann El-Moslimany post judgment discovery requests.  **(Exhibit 12).**

4.15     On November 15, 2016 Dr. Sindi filed a motion for Certified Copy of Judgment.

4.16     The Massachusetts lawsuit docket shows on December 13, 2016 an electronic order was entered allowing Dr. Sindi to obtain a certified copy of the judgment.

4.17     On January 26, 2017, after almost three months had passed without answers to Dr. Sindi's post-judgment discovery requests, Ms. Sindi filed a Motion to Compel compliance with the post-judgment discovery requests.  **(Exhibit 13.)** On February 10, 2017, the Debtor and Ann El-Moslimany filed a Motion to Stay Without Bond.  **(Exhibit 14).** Dr. Sindi opposed the request on the basis that they were not entitled to a stay pending appeal.  On February 28, 2017 the Court entered an Order Compelling Samia El-Moslimany to Respond to Post-Judgment Discovery Requests and Denied the Debtor's Motion for a Stay Pending Appeal.  **(Exhibit 15)**.

4.18     On February 27, 2017 a Notice of Judgment Lien, attaching the Judgment entered in the Massachusetts Lawsuit, was recorded in King County by Dr. Sindi. **(Exhibit 20).**

4.19     On July 11, 2018 the First Circuit ruled affirming most of the tort claims but reduced the amount of the Judgment to $2,107,808.88 against the Debtor and $491,250.85 against Ann El-Moslimany.  A Second Amended Judgment was entered on August 17, 2018

COMPLAINT

Page 5

which reduced the amount of the Judgment to $1,076,000.00 against the debtor plus costs by separate order and $244,000.00 against Ann El-Moslimany plus costs per separate order. **(Exhibit 21).**

4.20    On September 25, 2018 the Second Amended Judgment was recorded in King County. **(Exhibit 22).**

**The Aziza Yousef Loans**

4.21    On September 1, 2016 the Debtor executed a Promissory Note in favor of Defendant Ms. Yousef, in the amount of $346,666.00.  This Promissory Note appears to be the first Promissory Note executed and is written in Arabic.   The Promissory Note does not contain a dragnet or future advance provision.  **(Exhibit 16).** *("2016 Arabic Promissory Note")*.

4.22    At her §341 meeting, the Debtor testified that the $346,666.00 referenced in the Arabic Promissory Note was lent as much as two and a half years prior to the execution of the Arabic Promissory Note.

4.23    The Debtor has produced a second Promissory Note, which is also dated September 1, 2016, but, as noted on the signature page, Ms. Yousef did not sign this document until October 2, 2016. The Promissory Note is written in English *("2016 English Promissory Note")*. There is no future advance/dragnet provision in the English Promissory Note.  **(Exhibit 17)**.

4.24    Prior to the Petition Date, Counsel for Dr. Sindi had commenced supplemental proceedings against the Debtor and her mother and requested documentation evidencing the transfer of funds by Ms. Yousef to the Debtor.  Upon information and belief, the Plaintiff alleges that little, if any, underlying documents were produced to support the claim that Ms. Yousef advanced $346,666.00 dollars to the Debtor.

COMPLAINT

Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Upon information and belief, the Plaintiff alleges that the Debtor has not produced any documents showing transfers of any amounts of money prior to or on September 1, 2013 from Ms. Yousef to her or on her behalf.

4.25    Upon information and belief the Plaintiff alleges that Ms. Yousef did not advance $346,666.00 to the Debtor as of September 1, 2016, the date the Promissory Note was executed.

4.26    On November 7, 2016 the Yousef Deed of Trust was recorded in King County. Upon information and belief, the Plaintiff alleges that Ms. Yousef had not advanced $346,666.00 to the Debtor as of November 7, 2016, the date the Yousef Deed of Trust was recorded. Upon information and belief, the Plaintiff further alleges that neither the Debtor nor Ms. Yousef has evidence showing that Ms. Yousef loaned $346,666.00 to the Debtor.

4.27    On or about May 28, 2017 the Debtor executed a Promissory note to Defendant Yousef to repay a $100,000.00 loan made on the same date **("May 2017 Transfer"). (Exhibit 18).** To date neither the Debtor nor the Defendants have produced any documentation showing a transfer from the Defendants to the Debtor.

4.28    Upon information and belief the Plaintiff alleges that Ms. Yousef did not advance $100,000.00 directly to the Debtor on May 28, 2017 and neither party has evidence to support the claimed advance of funds to the Debtor.

4.29    On or about July 25, 2019 the Debtor executed a Promissory note to Defendant Yousef to repay $100,000.00 Riyals or $26,666.00 US Dollars. **("July 2019 Transfer"). (Exhibit 19)**.

4.30    Upon information and belief the Plaintiff alleges that Ms. Yousef did not advance $26,666.00 to the Debtor in July, 2019 *("July 2019 Transfer")* and neither the

COMPLAINT

Page 7

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Case 19-01116-CMA    Doc 1    Filed 09/12/19    Ent. 09/12/19 16:56:28    Pg. 7 of 14

Debtor nor Ms. Yousef has evidence of the advance of funds to the Debtor by the Defendants.

4.31     The advances which are the subject of the July 25, 2019 Promissory Note were made after the Petition Date, were not authorized under section 303(f) or 542(c) of the Bankruptcy Code and no Court order was entered authorizing such loans to be added to the Deed of Trust.

4.32     Upon information and belief the Plaintiff alleges that the Debtor has transferred money to the Defendants which has not been credited to any actual loans that were made to the Debtor.

**Insolvency**

4.33     Upon information and belief, the Plaintiff alleges that the Debtor was insolvent as of 2011 when The Debtor and her mother began making slanderous statements against Ms. Sindi which gave rise to the tort and the damages flowing therefrom.

4.34     According to the Debtor, she has had no income "for several years:" Docket 81-4. According to her counsel, "since before the Hayat Sindi defamation suit was filed in 2013, Ms. El- Moslimany has had virtually no income." Docket #80, Page 2, lines 21-23.

4.35     The Debtor's schedules list her Residence as an asset with a value of $565,000.00 and personal property with a value of $36,517.00. The Debtor lists liabilities of $3,429,232.91. According to the debtor's sworn statements her debts exceeded her assets by $2,864,232.91.

4.36     The Debtor's schedules do not disclose that any assets were transferred in the two years prior to bankruptcy or to a self-settled trust within 10 years of the Petition Date.

COMPLAINT

Page 8

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Case 19-01116-CMA    Doc 1    Filed 09/12/19    Ent. 09/12/19 16:56:28    Pg. 8 of 14

4.37     Upon information and belief, the Plaintiff alleges that the Debtor was not paying her debts as they became due and had not been doing so for some time.

4.38     Upon information and belief the Plaintiff alleges that the Debtor intended to incur or believed or reasonably should have believed the she would incur, debts beyond her ability to pay as they became due.

4.39     The Debtor's schedules indicate that she is unemployed and receives monthly unemployment compensation in the amount of $2,200.00 per month.  Her schedules also indicate that her monthly expenses total $9,403.00 and thus has expenses of $7,203.00 more than her income.   At her section 341 meeting she indicated that the debts listed do not include additional expenses she incurs when she is in Saudi Arabia which included $250 a month for gasoline, $140 a month for insurance for the vehicle that's there, $100 a month for maintenance on the vehicle, $200 a month for social security payments, $150 a month for food, $500 a month for business travel, $1,800 a month for legal and arbitration fees, and $200 a month for medical expenses.  Thus, there is an additional $3,340.00 in Saudi living expenses the Debtor incurs several times per year which are not disclosed on her schedules not accounted for on her Schedule J.

**Actual Fraud**

4.40     According to testimony given by the Debtor, the transfers made by the Defendants to the Debtor were made as much as two and one-half years before the execution of the Promissory Note, yet she did not grant a deed of trust to secure said alleged advances until a trial had been completed, a jury verdict returned and a judgment in excess of $2,000,000.00 had recently been entered.

4.41     Upon information and belief the Plaintiff alleges that the transfer, the granting of the deed of trust, was actually fraudulent because:

COMPLAINT

Page 9

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA  98103
206-623-4382

A) the Debtor retained possession and control of the Residence;

B) the granting of the Arabic Promissory Note and Deed of trust was made after the Debtor had been sued in the Massachusetts Lawsuit;

C) the transfer was of substantially all of the Debtor's assets;

D) the Debtor was insolvent or became insolvent shortly after the transfer was made;

E) 5) the transfer occurred shortly after a substantial debt was incurred, the Sindi Judgment.

F) the Debtor intend to incur, or should have reasonably believed she would incur, debts beyond her ability to pay as they became due.

The 2016 Arabic Promissory Note, the 2016 English Promissory Note, the Yousef Deed of Trust and the May, 2017 Transfer are all collectively referred to as "The Transfers".

### V.  FIRST CAUSE OF ACTION: FRAUDULENT TRANSFERS UNDER § 548 OF THE BANKRUPTCY CODE

5.1  Sections I through IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

5.2  The May 2017 Transfer as set forth in paragraph IV above was made to and/or for the benefit of the Defendants.

5.3  The Debtor did not receive reasonably equivalent value in exchange for the May 2017 Transfer as set forth in paragraph IV above which was made to or for the benefit of the Defendants.

5.4  The Debtor was insolvent on the date of the May 2017 Transfer set forth in paragraph IV above which was made to or for the benefit of the Defendants.

COMPLAINT

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 10

5.5    The May 2017 Transfer referred to in paragraph IV above to the Defendants was made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted before or after the date of the May 2017 Transfer.

5.6    The May 2017 Transfer to the Defendants set forth in paragraph IV above is avoidable pursuant to 11 U.S.C. §548 as stated therein as it was either a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or after the date of the May 2017 Transfer; or b) the Debtor received less than reasonably equivalent value in exchange for the Transfer, became insolvent or was insolvent at the time of the Transfer, leaving the Debtor with an unreasonably low capital account or leaving the Debtor unable to pay her debts as they matured.

5.7    The May 2017 Transfer made to the Defendants as set forth in paragraph IV above is avoidable by the Plaintiff under 11 U.S.C. §548(a)(1) or (a)(2).

### VI. SECOND CAUSE OF ACTION: FRAUDULENT CONVEYANCES 11 U.S.C. §544 AND RCW 19.40. TO DEFENDANTS

6.1    Paragraphs I through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2    The Debtor made the Transfers set forth in paragraph IV above which is avoidable pursuant to RCW 19.40.010 et. seq. as stated therein.

6.3    The Transfers by the Debtor to the Defendants as set forth in paragraph IV above were made with actual intent to hinder, delay or defraud creditors of the Debtor. Specifically, the Debtor was aware that a judgment has been entered against her in excess of $2 Million and that granting a deed of trust to secure the alleged obligation owed to the Defendants would hinder or delay her ability to pay the debts owed to Dr. Sindi and other creditors.

COMPLAINT

Page 11

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Case 19-01116-CMA    Doc 1    Filed 09/12/19    Ent. 09/12/19 16:56:28    Pg. 11 of 14

6.4     Alternatively, the Transfers by the Debtor to the Defendants were constructively fraudulent in that they were made without the Debtor receiving reasonably equivalent value in exchange for the Transfers.

6.5     The Transfers by the Debtor to Defendants as set forth in paragraph IV above caused the Debtor to engage or thereafter engage in business for which her remaining assets were unreasonably small in relation to the business or transactions.

6.6     At the time of the Transfers, the Debtor intended to incur, or believed or reasonably should have believed the she would incur, debts beyond her ability to pay as they became due.

6.7     The Debtor was insolvent on the date of the Transfers set forth in paragraph IV above. Alternatively, the Debtor became insolvent as a result of the Transfers. Alternatively, the Debtor was unable to pay her bills and obligations as they became due as a result of the Transfers.

### VII. THIRD CAUSE OF ACTION FRAUDULENT CONVEYANCES
### U.S.C. §544 AND RCW 19.40. 051

7.1     Paragraphs I-VI and all subsections thereof, are hereby repeated and incorporated as though fully set forth herein.

7.2     The Transfers made by the Debtor to Defendants are avoidable pursuant to RCW 19.40.051 et. seq.

7.3     The Transfers by the Debtor to the Defendants were made after the entry of judgment in favor of Dr. Sindi.

7.4     The Debtor did not receive reasonably equivalent value in exchange for the Transfers in that Ms. Yousef did not advance $346,666.00 to the Debtor and did not make future advances to the Debtor noted in the May 2017 Transfer and the July 2019 Transfer.

COMPLAINT

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
206-623-4382

Page 12

7.5 The Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfer.

### VIII. FOURTH CAUSE OF ACTION: AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO SECTION 549

8.1 Sections I through VII are hereby repeated and incorporated as though set forth herein.

8.2 Section 549 allows a Trustee to avoid a transfer of property of the estate that occurs after commencement of the case that is only authorized under section 303(f) or 542(c) of the Code or that was not authorized by the Court.

8.3 The Plaintiff is entitled to avoid the July 2019 Transfer by the Debtor to the Defendant because the July 2019 Transfer was not authorized under section 303(f) or 542(c) of the Code or by Court Order.

### IX. FIFTH CAUSE OF ACTION: PRESERVATION OF AVOIDED TRANSFERS

9.1 Sections I through VII are hereby repeated and incorporated as though set forth herein.

9.2 Any and all transfers avoided under the claims for relief in this complaint are preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

### X. PRAYER FOR RELIEF

The Trustee asks for the following relief:

10.1 That the Court find the Transfers constitute fraudulent transfers pursuant to §§544, 548, RCW 19.40. et. seq, and 19.50 et. seq, that should be avoided.

10.2 That the Court find the July 2019 Transfer constitutes an avoidable post-petition transfer pursuant to Section 549 of the Bankruptcy Code.

COMPLAINT

Page 13

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
206-623-4382

10.3     That the Court find the avoided Transfers and the July 2019 Transfer are preserved for the benefit of the estate.

10.4     That the Court enter an order consistent with this Complaint.

Dated this 12th day of September, 2019.

WOOD & JONES, P.S.


_/s/ Denice Moewes_____
Denice Moewes, WSBA #19464
Wood & Jones, Attorneys at Law for
Chapter 7 Trustee Ronald G. Brown

COMPLAINT

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA  98103
206-623-4382

Page 14

Case 19-01116-CMA    Doc 1    Filed 09/12/19    Ent. 09/12/19 16:56:28    Pg. 14 of 14