| | |
|---|---|
| | Judge: Hon. Christopher M. Alston |
| | Chapter: Chapter 7 |
| | Hearing Date: July 22, 2021 |
| | Hearing Time: 11:00 a.m. |
| | Hearing Site: Telephonic – See end of document for dial in information |
| | Reply Date: July 19, 2021 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Case No. 18-14820-CMA |
| SAMIA EL-MOSLIMANY, | Adversary Proceeding No. 19-01116 |
| Debtor. | |
| RONALD G. BROWN, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Samia El-Moslimany, | PLAINTIFF'S REPLY TO INTERVENOR'S OBJECTION TO PLANTIFF'S MOTION TO COMPEL DEFENDANTS AZIZA AND JOHN DOE AL-YOUSEF TO ANSWER DISCOVERY |
| Plaintiff, | |
| v. | |
| AZIZA AL-YOUSEF and JOHN DOE AL-YOUSEF, | |
| Defendants, | |
| and | |
| SAMIA EL-MOSLIMANY, | |
| Intervenor. | |

Ronald G. Brown, the Chapter 7 Trustee in this bankruptcy case and the Plaintiff in this Adversary Proceeding ("Plaintiff") responds to the objection filed by Samia El Moslimany ("Intervenor") to the Plaintiff's Motion to Compel Defendants to Answer Discovery Requests ("Motion") as set forth below.

Trustee's Reply to Intervenor's Objection

Don Bailey, Intervenor's counsel, was served with the discovery requests the Plaintiff sent to the Defendants on the same date, March 5, 2021, and in the same email. See **Exhibit 1** to the Declaration of Denice Moewes filed simultaneously herewith. The Intervenor did not raise any objections to the discovery requests within the statutory objection period. As such, any objections to the Plaintiff's discovery requests have been waived. Nonetheless, the Intervenor appears to raise objections to several of the discovery requests in her reply, for the first time. See page 3, lines 8-25 and page 4 lines 1-5. Those objections have been waived and the Court should not consider any arguments on that subject

The Objection is not supported by any declaration in violation of Local Bankruptcy Rule 9013(d)(1). As such, all statements made in the Objection constitute hearsay and are not evidence and there is no evidence to support any of the allegations in the Objection.

The Objection regurgitates the same arguments that have been made by the Intervenor several times in this case whenever the Intervenor or Defendant Al-Yousef need an excuse as to why something has or has not happened. The argument is always the same: if the Saudi Government finds out certain information relating to the financial dealings between the parties there will be negative consequences for Aziza Al-Yousef. There has never been a declaration filed by Ms. Al-Yousef stating this, it is always the Debtor who is making the claim. However, Ms. Al-Yousef herself already told the Saudi Government all of this information. Specifically, on August 3, 2019 Ms. Al-Yousef filed a Declaration, Docket 80 – main case[1], in which she states that she was interrogated while

---
[1] The Declaration was filed in support of the Debtor's motion to abandon her residence.
Trustee's Reply to Intervenor's Objection

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

in jail about her lending of money to the Debtor, Ms. El-Moslimany, and that her bank accounts were then frozen. She further states that she notified the Saudi authorities of the loans. In that same declaration she discussed the loans she allegedly made to the Debtor. If her bank accounts were frozen after she began lending money to the Debtor, admitted to doing so during interrogations by the Saudi Government, and then affirmatively disclosed those loans to the Saudi authorities, they clearly know all about this financial transaction.

The Intervenor's concern for the safety of Ms. Al-Yousef only surfaces when she deems it beneficial. The Intervenor certainly had no concern about the safety of Ms. Al-Yousef when she gave her a deed of trust in November of 2016 which listed her address as Riyadh, Saudi Arabia[2]. She had no concern for her safety when she listed her as a creditor on her bankruptcy schedules and provided her address in Saudi Arabia. Nor was the safety of Ms. Al-Yousef of any concern to the Debtor in November of 2019 when Ms. El-Moslimany herself filed a Declaration in support of the Reply to the Trustee's Objection and attached a spreadsheet which purports to show the transfers of substantial money from Ms. Yousef to the Debtor, with full account numbers. However, in each of those circumstances, the action being taken was beneficial to the Debtor/Intervenor, so the safety issues were not raised.

The Intervenor states that Ms. Al-Yousef's only participation in this case has been the lone declaration she filed, Docket 80. But that is not true. On or about August 14, 2020 Ms. Al-Yousef retained John G. Llewellyn and Llewellyn & Shafer, PLLC to accept service of process on her behalf. Also, Ms. Al-Yousef clearly must have participated in the

---

[2] The Law Offices of John G. Llewelyn, PLLC is the Trustee under that deed of trust. Docket #1, Exhibit 11 to the Complaint in this Adversary Proceeding.

Trustee's Reply to Intervenor's Objection

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

settlement conference in some form because she signed the Settlement Agreement on May 23, 2021, two months ago. **Exhibit 2,** Moewes Declaration. Paragraph 2 of the Settlement Agreement requires Bankruptcy Court approval and requires that the motion be noted within 30 days of the settlement agreement being signed. Ms. Al-Yousef, in reading the Settlement Agreement, would have or should have noted it required court approval after a motion was filed, so she knew all those details would be made public, but yet neither she nor the Debtor voiced any concern about the safety of Ms. Al-Yousef if the Settlement Agreement was filed.

However, the Plaintiff's discovery requests were sent to Ms. Al-Yousef over four months ago, she hasn't bothered to respond to those discovery requests, and her friend, the Debtor, is now claiming, again, that there are safety concerns, which should bar Ms. Al-Yousef from having to respond. Why were there no safety concerns triggered with her signing the settlement agreement, which is filed with the Court? The answer is obvious.

The Intervenor's Objection should be overruled, and the Plaintiff's Motion granted.

Dated this 20th day of July, 2021.

                WOOD & JONES, P.S.

                */s/ Denice E. Moewes*
                Denice E. Moewes, WSB#19464
                Attorney for Chapter 7 Trustee
                Edmund J. Wood

Dial In Instructions:

Dial: 1-888-363-4749
Enter Access Code: 8955076 then press #
Enter Security Code: 3564 then press #
Speak when prompted.

Trustee's Reply to Intervenor's Objection

Guidelines:
1. Use a land line phone and not a cell phone, if possible. Do not use a speaker phone.
2. Make the call from a quiet area where background noise is minimal.
3. Wait until the Judge calls your case before speaking.
4. Do not put the phone on hold at any time after the call is connected.
5. In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5310.

Trustee's Reply to Intervenor's Objection

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

Case 19-01116-CMA    Doc 84    Filed 07/20/21    Ent. 07/20/21 15:46:27    Pg. 5 of 5