**Below is the Order of the Court.**

_____
**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>SAMIA EL-MOSLIMANY,<br><br>                    Debtor(s). | Case No.  18-14820<br><br>Adv. No.  19-01116 |
| RONALD G. BROWN, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Samia El-Moslimany,<br>                    Plaintiff,<br>  v.<br><br>AZIZA YOUSEF and JOHN DOE YOUSEF,<br>                    Defendants.<br>and<br>SAMIA EL-MOSLIMANY,<br>                    Intervenor. | ORDER COMPELLING AZIZA AND JOHN DOE YOUSEF TO ANSWER PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |

Order - 1

This matter came before the Court upon the Plaintiff's Motion to Compel Defendants Aziza and John Doe Al-Yousef to Answer Discovery (the "Motion") (ECF No. 75). Defendants Aziza and John Doe Al-Yousef ("Defendants") did not file a response to the Motion. Intervenor Samia El-Moslimany ("Intervenor") filed a response to the Motion, necessitating a reply from the Plaintiff and a hearing. The Court held a hearing on July 22, 2021, at which it made findings of fact and conclusions of law incorporated by this reference pursuant to Fed. R. Civ. P. 52 made applicable by Fed. R. Bankr. P. 7052, including without limitation that the Plaintiff incurred reasonable costs and attorneys' fees in the amount of $1,125 to prepare, file and serve the Motion, and incurred additional expenses to prepare and file a reply to the Intervenor's response and to prepare for and argue at the hearing; the Plaintiff filed the Motion after attempting in good faith to obtain the discovery without court action; that neither the Defendants' failure to respond to the discovery requests nor the Intervenor's response to the Motion was substantially justified; there are no other circumstances that make an award of expenses against the parties unjust; and the parties who are being required to pay the Trustee's expenses were afforded an opportunity to be heard. Now, therefore, it is hereby ORDERED as follows:

1. Plaintiff's Motion is GRANTED;
2. Defendants shall deliver written answers to the Plaintiff's First Set of Interrogatories and responses to Plaintiff's Requests for Production of Document within seven (7) days after service of this Order on the Defendants;
3. The Defendants shall pay the Plaintiff's reasonable expenses incurred to prepare, file, and serve the Motion in the amount of $1,125.00 (payable to Trustee Ronald G. Brown) within fourteen (14) days after service of this Order on the Defendants; and
4. The Intervenor and her counsel, jointly and severally, shall pay the Plaintiff's reasonable expenses associated with replying to the Intervenor's response, preparing for the hearing, and attending the hearing. The Plaintiff shall file a declaration identifying the expenses within seven (7) days of the entry of this Order. The Intervenor may file a response within seven (7) days after the Plaintiff files the declaration.

///END OF ORDER///